IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Andrew Wheeler, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Simon Major, *Director*; ) <br> Daryl F. McGhaney, *Assistant Director* ) <br> *Major*; ) <br> Theresa Ray-Lee, *Captain*, ) <br> ) <br> ) <br> Defendants. ) <br>  ) | Civil Action No. 6:15-524-RMG-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is a pre-trial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina. The three defendants are officials at the Sumter-Lee Regional Detention Center.

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of the lack of access to a law library for prisoners housed in the disciplinary segregation "pod" at the Sumter-Lee Regional Detention Center (doc. 1 at 3). The plaintiff indicates that on November 11, 2014, he was moved to the "B-Pod," which is the special management unit, as the result of a disciplinary infraction (*id*. at 4). According to the plaintiff, other pods at the Sumter-Lee Regional Detention Center have access to legal materials (*id*. at 4–5). The plaintiff contends that he has a right to legal materials to prepare his defense in his pending criminal case and has suffered emotional distress (*id*. at 4). This plaintiff has filed grievances relating to his request for access (*id*. at 5–6). In his prayer for relief, the plaintiff seeks actual damages, punitive damages, court

costs, an injunction directing the removal of the three defendants from their jobs, and a court order establishing a "guideline for the facility to abide by[.]" (*id*. at 7).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's claims relating to the lack of access to a law library at the Sumter-Lee Regional Detention Center are foreclosed by circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.*

The plaintiff has not alleged a specific injury from his lack of access to legal materials at the Sumter-Lee Regional Detention Center. *See id.* (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"). In other words, a plaintiff must show an actual injury resulting from the loss or absence of his or her legal materials. *Cochran v. Morris*, 73 F.3d 1310, 1316-17 (4th Cir. 1996); *cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that

prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); and *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

The Public Index database for the Sumter County Clerk of Court website (http://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx, last visited on Feb. 5, 2015) reveals that the plaintiff has three pending criminal charges in the Court of General Sessions for Sumter County: armed robbery with a deadly weapon (Indictment No. 2014-GS-43-309/Third Judicial Circuit No. 014A4310100017 ) and possession of a weapon during a violent crime (Indictment No. 2014-GS-43-309/Third Circuit Judicial No. 2014A4320100003), which were true billed on April 10, 2014; and contributing to the delinquency of a minor (Third Judicial Circuit No. 2014A4320100004), which has not yet been true billed.   Attorney Victor K. Li represents the plaintiff on all three charges.

This court may take judicial notice of the plaintiff's three pending criminal charges.  *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

Since the plaintiff is represented by counsel in his pending criminal cases, he has no need for a law library. *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 544, 448 n. 2 (D.S.C. 2008) ("Furthermore, to the extent Plaintiff is saying his lack of access to legal materials is related to the criminal matter for which he has been incarcerated, this claim fails as a matter of law, as the state is only required to provide criminal defendants legal counsel, not legal research materials.")(citation omitted).  Moreover, under longstanding South Carolina case law, the plaintiff cannot file *pro se* motions (other than a motion to relieve counsel) in his pending criminal cases.  In other words, hybrid representation is not

allowed in South Carolina courts.  *See State v. Stuckey*, 508 S.E.2d 564, 564–65 (S.C. 1998).

The plaintiff states that prisoners in disciplinary segregation do not have access to legal materials, but prisoners in other pods do have access (doc. 1 at 3).  There is no equal protection violation.  *See*, *e.g.*, *Scott v. Miro*, Civil Action No. 0:11-cv-03169-RBH, 2014 WL 799099, at *2 (D.S.C. Feb. 27, 2014) (collecting District of South Carolina cases and upholding South Carolina Department of Corrections Policy OP–22.12).  In *Scott*, the Honorable R. Bryan Harwell, United States District Judge, noted:

> The policy creates an incentive or motivation for inmates placed in SMU to change their behavior to either obtain release from SMU or to avoid placement in SMU.  The policy also places limitations on the amount of reading material to promote and maintain order and discipline.  Limiting the number of books and periodicals reduces a potential fire hazard in the SMU. Limiting the number of books and periodicals reduces clutter and thus an SMU inmate has less places to hide drugs and weapons. In addition, the policy deters improper uses of paper available from books, newspapers and magazines.  Inmates use paper from books, magazines, and newspapers to cover cell windows to conceal activity within their cell, jam the locks to prevent entry into their cell, and stop up toilets.

*Id.* at *3 (quoting *Koon v. Ozmint*, Civil Action No. 8:06-2000-RBH, 2007 WL 1486067, at *4 (D.S.C. May 18, 2007)).

The plaintiff's implicit reliance on minimum standards for detention facilities (doc. 1 at 3–4) is misplaced because violations of recommended standards do not establish a constitutional violation.  *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 n. 3 (1991); and *Rhodes v. Chapman*, 452 U.S. 337, 350 n. 13 (1981) (recommendations by such organizations "may be helpful and relevant with respect to some questions, but 'they simply do not establish the constitutional minima; rather they establish goals recommended by the organization in question.'").

This court cannot remove the defendants from their jobs at the Sumter-Lee Regional Detention Center.  *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C.

4

1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court).

The plaintiff cannot recover damages for emotional distress or mental anquish. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the plaintiff is not entitled to relief for mental stress and anguish. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 558–59 (D.S.C. 2008) (collecting cases).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

February 9, 2015                                              s/ Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).