IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Wheeler, ) | |
| ) | |
| Plaintiff, ) | No.: 6:15-cv-524-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Simon Major, Director, ) | |
| Daryl F. McGhaney, Assistant Director ) | |
| Major, ) | |
| Theresa Ray-Lee, Captain, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 9) recommending that this Court summarily dismiss the Complaint without prejudice and without service of process. For the reasons stated herein, the court declines to adopt the reasoning of the R & R, but dismisses the Complaint without prejudice and without service of process.

**Background**

Plaintiff, Andrew Wheeler, a pre-trial detainee at the Sumter-Lee Regional Detention Center in Sumter, South Carolina, filed this *pro se* complaint with this Court pursuant to 42 U.S.C. § 1983 on February 5, 2015. (Dkt. No. 1). Plaintiff was arrested in March 2014 and is currently being detained awaiting trial regarding three criminal charges. *Id.* He is represented by attorney Victor K. Li on all three charges. (Dkt. No. 9). Plaintiff was moved to the "B-pod," a special management unit (SMU) on November 11, 2014 as a result of a disciplinary infraction. (Dkt. No. 1). According to the Complaint, Plaintiff requested law books several times in order to participate in the defense in his case and was denied the request. (*Id.*). The Plaintiff states he

1

sent grievance forms to two administrators but received no response. (*Id.*). Plaintiff then resent grievance forms to those two administrators and when no response was received sent a grievance to Captain Ray-Lee. (*Id.*). After no response from Captain Ray-Lee, Plaintiff spoke to Staff Sgt. James regarding the jail policy stating all inmates were to have access to legal reference books from 12:30 pm–2:30 pm Monday through Friday and additional materials would be available by request form and Staff Sargent James told Plaintiff that Captain Ray-Lee would print material needed and charge Plaintiff for the copies. (*Id.*). Plaintiff's Complain states he sent another grievance to Captain Ray-Lee regarding printing needed legal materials and was sent a response from Sargent Lumpkin on January 24, 2015 stating that law books were accessible in B-pod and can be requested through pod officers. (*Id.*). Plaintiff contends there are still no books in B-pod and his grievances have been ignored. (*Id.*).

Plaintiff files this complaint claiming that lack of access to a law library while in the B-pod is a violation of due process and the right to equal protection under law, resulting in cruel and unusual punishment in the form of emotional distress, mental anguish, and other grievous injuries. (*Id.*). The Magistrate Judge filed a Report and Recommendation (R & R) on February 2, 2015 recommending that this Court dismiss the claim as Plaintiff failed to sufficiently allege facts setting forth a cognizable claim. (Dkt. No. 9). Plaintiff timely filed objections to the R & R. (Dkt. No. 12). For the reasons stated below, this Court dismisses the Complaint without prejudice and without service of process.

## Analysis

### A. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a de novo determination of those portions of the R&R to which a specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Actual Injury

In reviewing the record, this Court finds that Plaintiff failed to sufficiently allege facts that constitute a cognizable claim because Plaintiff has shown, and can show, no injury resulting from his alleged lack of access to legal materials.

3

"Whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III . . . . is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "The Art. III judicial power exists only to redress . . . injury to the complaining party, . . . . A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action . . . .'" *Id.* at 499 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973). In making a claim under 28 U.S.C. §1983, "a prisoner cannot rely on conclusory allegations" and "must also identify an actual injury resulting from official conduct." *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). *See e.g.*, *Heck v. Humphries*, 512 U.S. 477, 486–87 (1994) ("In order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). And an inmate cannot establish actual injury "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey,* 518 U.S. 343, 351, (1996). Actual injury cannot be established merely by conclusory statements that the inmate would have fared better in litigation had he or she had more or better access to legal research materials. *See, e.g., Hause v. Vaught,* 993 F.2d 1079, 1084 (4th Cir. 1993).

Here, Plaintiff objects on grounds that his specific injury or actual harm was the hindrance to his defense and proper pre-trial motions being filed as a result of the lack of access

4

to legal materials. (Dkt. No. 12). Plaintiff has not yet gone to trial or been sentenced; even assuming that a counseled prisoner denied access to legal materials in pretrial detainment could find a cause of action under Section 1983,[1] any injury resulting from such a denial is at this point purely speculative.

Accordingly, the Court finds Plaintiff fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## Conclusion

For the reasons discussed herein, the Court DISMISSES Plaintiff's complaint without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

April 10, 2015
Charleston, South Carolina

---

[1] This question has not been clearly addressed in this Circuit or by the Supreme Court.

5